**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re UBS AUCTION RATE** ) | |
| **SECURITIES LITIGATION** ) | **Master File No. 08-cv-02967 (LMM)** |
| ) | |
| **THIS DOCUMENT RELATES TO:** ) | |
| **ALL ACTIONS** ) | |
| ) | |

(*Additional captions follow*)

**PLAINTIFFS' *KASSOVER, ET AL. v. UBS AG, ET AL.***
**MEMORANDUM OF LAW IN OPPOSITION TO ARIC A. STREIT'S AND MARY**
**STREIT'S MOTION FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF**
**AND SELECTION OF LEAD COUNSEL AND IN SUPPORT OF COORDINATION**

**SCHOENGOLD SPORN LAITMAN &**
**LOMETTI , P.C.**
Samuel P. Sporn (SPS-4444)
Joel P. Laitman (JL-8177)
Frank R. Schirripa (FS-1960)
19 Fulton Street, Suite 406
New York, New York 10038
Telephone: (212) 964-0046
Facsimile (212) 267-8137

*Attorneys for Plaintiffs in*
*Kassover, et al. v. UBS AG, et al.*

| | | |
|---|---|---|
| **RONALD KASSOVER, et al, on behalf** | ) | |
| **Of himself and all others similarly** | ) | **Case No. 08-cv-2753 (LMM)** |
| **Situated,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **UBS AG and UBS FINANCIAL** | ) | |
| **SERVICES, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |
| **RANDOLPH BONNIST, Individually** | ) | |
| **And On Behalf Himself and All Others** | ) | **Case No. 08-cv-4352 (LMM)** |
| **Similarly Situated,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **UBS AG and UBS FINANCIAL** | ) | |
| **SERVICES, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

I.      **Introduction**

This memorandum of law is respectfully submitted on behalf of Plaintiffs in *Kassover, et al. v. UBS AG, et al.*, No. 1:08-cv-2753 ("*Kassover* action") in opposition to the motion by the firm Milberg L.L.P. and the Law Offices of George A. Shohet, P.C. to not only consolidate the *Kassover* action with the actions asserting claims under the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a) (*i.e.*, *Chandler v. UBS AG*, No. 1:08-cv-2967; *Sanchez v. UBS AG*, No. 1:080-cv-3082 and *Bonnist v. UBS AG*, No. 1:08-cv-4352 ("Exchange Act cases")), but also to be appointed "interim co-lead counsel" over the *Kassover* action.    Milberg/Shohet's clients Aric A. Streit and Mary Streit are the only movants to argue that the *Kassover* action should be consolidated with the Exchange Act cases -- previously consolidated by this Court's May 16, 2008 Order.  Plaintiffs in the *Kassover* action do support *coordination* of these actions.

II.     **Legal Argument**

The proposed consolidation and appointment of Streit lead plaintiffs and lead counsel Milber/Shohet sought[1] is nothing more than an end-run and unbridled "power grab"  by Steits'

---

[1]     Proposed lead plaintiffs Aric A. Streit and Mary Streit seek to be appointed Lead Plaintiff and have their law firms, Milberg LLP and The Law Offices of George A. Shohet, P.C. appointed as Interim Co-Lead Counsel over the *Kassover* Action stating as follows:

> All but *Kassover* involve the same legal issues, i.e., whether Defendants' conduct violations Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5. *Kassover* is based on the Investment Advisers Act, but relies on the same evidence as the other cases in support of their claims.

> Consolidation is appropriate when, as here, there are actions involving common questions of law or fact.  See Fed. R. Civ. P. 42(a); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).  That test is met here, as this Court has already recognized with respect to the Securities Actions in consolidating *Chandler* and *Sanchez* cases.   Given the virtually complete factual overlap with *Kassover*, it is appropriate to consolidate that case as well.

Streits' Mem. of Law at 6.

counsel who seek to gain control over the distinct and more advanced *Kassover* action.  The

*Kassover* action – specifically excluded Exchange Act allegations – is ***not*** governed by the

Private Securities Litigation Reform Act of 1995 ("PSLRA") and thus, is not subject to the

mandatory publication of the Exchange Act actions, consolidation and the vetting of leading

plaintiff and lead counsel, as well as an automatic stay of discovery pending a motion for

dismissal.  *See* 15 U.S.C. §78u-4(a)(3)(B)(i) and (ii) and §78u-4(b)(3)(B).

The *Kassover* action, the first filed action against the UBS Defendants on March 14, 2008

preceded[2] the filing of all of the Exchange Act cases, seeks to represent all UBS clients who have

had their auction rate securities ("ARS") frozen as a result of UBS' alleged misconduct. While

asserting claims under the Investment Adviser Act of 1940 ("IAA"), 15 U.S.C. § 80b-1, *et seq.*,

New York General Business Law ("GBL") § 349 and the common law, counsel in the *Kassover*

action purposefully chose *not* to assert any Exchange Act claims since such claims require proof

of elements of scienter, market efficiency and loss causation deemed inappropriate to the factual

predicate of this action.  As a result of that decision, the *Kassover* action has proceeded more

rapidly with an Amended Complaint being filed on May 27, 2008 (annexed as Ex. A to the

Supporting Declaration of Joel P. Laitman ("Laitman Decl.")  and  with the service of a  First

Request for Production of  Documents (annexed as Ex. B to the Laitman Decl.) on that same

date.  Indeed, on May 6, 2008, during a conference for the *Kassover*, *Chandler* and *Sanchez*

actions, counsel for the parties set forth their respective positions regarding consolidation,

coordination and Lead Plaintiff motions, as well as *Kassover'*s anticipated discovery request for

the production of documents provided to or to be provided to the Securities and Exchange

---

[2]     The *Kassover* action was filed on March 14, 2008, while the Exchange Act cases were
filed as follows: *Chandler v. UBS AG*, No. 1:08-cv-2967 (S.D.N.Y. filed Mar 21, 2008) (LLM);
*Sanchez v. UBS AG*, No. 1:080-cv-3082 (S.D.N.Y. filed Mar. 26, 2008) (LMM); and *Bonnist v.
UBS AG*, No. 1:08-cv-4352 (S.D.N.Y. filed May 8, 2008).

Commission ("SEC"), the Federal Bureau of Investigation ("FBI"), the Financial Industry Regulatory Authority ("FINRA"), the Attorney Generals of the State of New York and the Commonwealth of Massachusetts in response to subpoenas for Defendants' documents and records in connection with their investigations of the ARS market.

While there is no legal or factual basis for the appointment of Exchange Act plaintiffs or counsel as Lead Plaintiffs or Lead Counsel over the distinct claims in the *Kassover* action, there is every likelihood that such consolidation would prejudice the more advanced progress of the *Kassover* action with procedural and substantive elements of proof not applicable to the distinct claims asserted in *Kassover* (*e.g.*, the imposition of an automatic stay of discovery pending dismissal motions and proof and pleading of scienter, market efficiency and loss causation). As a matter of law, the Exchange Act claims have no superiority over IAA, GBL or common law claims and there is no factual or legal basis for burdening the *Kassover* action with these procedural and substantive requirements not attendant to its claims. Indeed, the elements of proof in *Kassover* are materially less difficult to sustain than the Exchange Act claims, and thus if there is any superiority to be assigned among the actions, it should be awarded to the ***first filed and more advanced action***.

Nevertheless, while consolidation is strongly opposed, Plaintiffs in the *Kassover* action, as represented to the Court at the joint conference on May 6, 2008, do not oppose *coordination* where feasible but only to the extent that such coordination does not delay or prejudice Plaintiffs' rights to proceed with discovery.[3]

---

[3]    On May 16, 2008, following this Court's May 6, 2008 conference at which time the differences between the *Kassover* Action and the *Chandler* and *Sanchez* actions were discussed, as well as the eminent discovery obstacles that would be unfairly placed upon and prejudice the *Kassover* Plaintiffs, the Court determined to only consolidate the *Chandler* and *Sanchez* cases – *i.e.*, the Exchange Act actions and "any other actions now pending or hereafter filed in this

3

**III.    Further Argument Against Consolidation, Appointment**
**Of Lead Counsel and Selection of Lead Plaintiff**

As noted from the Streits' moving papers, they have not yet filed any action against the

UBS Defendants, but on the very last day they choose to move for lead plaintiff and/or lead

counsel and have indicated they would seek to disturb the May 16, 2008 Order of the Court by

mixing the two prime claims, *i.e.*, the Investment Advisers Act claim (*Kassover*) and the

Exchange Act claims (*Chandler*, *Sanchez* and *Bonnist*).

We regard as unnecessary any further discussion of the elements of the PSLRA for

reasons discussed above.

As, if and when the Streits choose to lodge a complaint, they should not play "ducks and

drakes" with the Court and seek to delay or impede the *Kassover* action.

**IV.    Conclusion**

For all the foregoing reasons, Plaintiffs in the *Kassover* action oppose consolidation of its

action with any of the Exchange Act cases and the appointment of any Lead Plaintiffs and/or

Counsel over the *Kassover* action.

Dated:        New York, New York                    Respectfully submitted,
              June 9, 2008
                                                     **SCHOENGOLD SPORN LAITMAN &**
                                                     **LOMETTI , P.C.**


                                                     ____/s/ Joel P. Laitman_____
                                                     Samuel P. Sporn (SPS-4444)
                                                     Joel P. Laitman (JL-8177)
                                                     Frank R. Schirripa (FS-1960)
                                                     19 Fulton Street, Suite 406
                                                     New York, New York 10038
                                                     Telephone: (212) 964-0046

---

District, which arise out of common alleged facts ***and include the same alleged claims against***
***Defendants as alleged in the Chandler and Sanchez cases***" (emphasis added) – under the
caption *In re UBS Auction Rate Securities Litigation*.   (Annexed as Ex. C to Laitman Decl.)

Facsimile (212) 267-8137

*Attorneys for Plaintiffs in
Kassover, et al. v. UBS AG, et al.*

<u>Of Counsel:</u>

**FINKELSTEIN THOMPSON, LLP**
   Burton H. Finkelstein, Esq.
   Donald J. Enright, Esq.
   Michael G. McLellen, Esq.
   Elizabeth K. Tripodi, Esq.
1050 30th Street, N.W.
Washington, D.C. 20007
Telephone: (202) 337-8000
Facsimile: (202) 337-8090

*Attorneys for Plaintiffs Rita Tubis
and Helena Tubis, Named Plaintiffs
in Kassover, et al. v. UBS AG, et al.*

5