Keith W. Miller
PAUL, HASTINGS, JANOFSKY & WALKER LLP
75 East 55th Street
New York, New York 10022
(212) 318-6000

James D. Wareham
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th Street, N.W.
Washington, D.C. 20005
(202) 551-1700

William F. Sullivan
Howard M. Privette
John S. Durrant
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street
Los Angeles, California 900071
(213) 683-6000

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RONALD D. KASSOVER, *et al.*, on behalf of themselves and all others similarly situated,<br><br>                                            Plaintiffs,<br><br>                   v.<br><br>UBS AG and UBS FINANCIAL SERVICES, INC.,<br><br>                                            Defendants. | Case No: 08-CV-02753 (LMM) (KNF)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY** |

## TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ................................................................................................. 1

II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY .................................... 3

III. THE COURT SHOULD GRANT A LIMITED STAY OF DISCOVERY ....................... 6

    A.    The Court Should Stay Discovery in This Action Until the Motion to Dismiss in the PSLRA Action Is Ruled Upon ........................................................ 6

        1.    Allowing Discovery in the Kassover Action Would Circumvent the PSLRA ................................................................................................................ 7

        2.    Staying Discovery Until It Can Be Coordinated with the PSLRA Action Is More Efficient and Practical ....................................................... 9

        3.    Plaintiffs Will Not Be Prejudiced by a Stay of Discovery ....................... 10

    B.    In the Alternative, Discovery Should Be Stayed Until the Kassover Action Survives a Motion to Dismiss .................................................................. 11

        1.    Defendants' Dispositive Motion to Dismiss Will Likely Prevail ............ 12

        2.    Plaintiffs' Discovery Request Is Broad and Overly Burdensome ........... 13

        3.    Plaintiffs Will Not Be Prejudiced by a Stay of Discovery ....................... 13

    C.    The Court Should Stay Discovery Until the Pending Motions for Consolidation and Coordination Are Ruled Upon .............................................. 14

IV. CONCLUSION .................................................................................................. 15

**CASES**

Bogart v. Shearson Lehman Bros., Inc.,
 No. 91 Civ. 1036 (LBS), 1993 WL 33643 (S.D.N.Y. Feb. 3, 1993) ................................... 12

Dura Pharm., Inc. v. Broudo,
 544 U.S. 336 (2005) ............................................................................................................ 3

Granite Partners, L.P. v. Bear, Stearns & Co.,
 17 F. Supp. 2d 275 (S.D.N.Y. 1998) ................................................................................. 13

Greene v. Emersons, Ltd.,
 86 F.R.D. 66 (S.D.N.Y. 1980) .......................................................................................... 14

Harris v. IVAX Corp.,
 998 F. Supp. 1449 (S.D. Fla. 1998) .................................................................................. 10

In re AOL Time Warner, Inc. Sec. & "ERISA" Litig.,
 No. 1500, 02 Civ. 5575, 2003 WL 21729842 (S.D.N.Y. July 25, 2003) ..................... 7, 11

In re AOL Time Warner, Inc. Sec. & "ERISA" Litig.,
 No. MDL NO. 1500, 02 Civ. 8853 (SWK), 2003 WL 22227945 (S.D.N.Y.
 Sept. 26, 2003) ................................................................................................................. 10

In re Aviation Prods. Liab. Litig.,
 347 F. Supp. 1401 (J.P.M.L. 1972) .................................................................................... 9

In re Cardinal Health, Inc. Sec. Litig.,
 365 F. Supp. 2d 866 (S.D. Ohio 2005) ............................................................................... 9

In re Cendant Corp. Sec. Litig.,
 404 F.3d 173 (3d Cir. 2005) ............................................................................................... 8

In re Crompton Corp. Sec. Litig.,
 No. 3:03-CV-1293(EBB), 2005 WL 3797695 (D. Conn. July 22, 2005) ................... 7, 8, 9

In re Evergreen Mut. Funds Fee Litig.,
 423 F. Supp. 2d 249 (S.D.N.Y. 2006) ............................................................................... 13

In re LaBranche Sec. Litig.,
 333 F. Supp. 2d 178 (S.D.N.Y. 2004) ................................................................................. 7

In re Livent, Inc. Noteholders Sec. Litig.,
 151 F. Supp. 2d 371 (S.D.N.Y. 2001) ................................................................................. 7

In re Orthopedic Bone Screw Prods. Liab. Litig.,
 79 F.3d 46 (7th Cir. 1996) ................................................................................................ 15

In re Salomon Analyst Litig.,
 373 F. Supp. 2d 252 (S.D.N.Y. 2005) ................................................................................. 7

In re Smith Barney Transfer Agent Litig.,
 No. 05 Civ. 7583(WHP), 2006 WL 1738078 (S.D.N.Y. June 26, 2006) ......................... 14

In re Trump Hotel S'holder Derivative Litig.,
 No. 96CIV.7820 (DAB)(HBP), 1997 WL 442135 (S.D.N.Y. Aug. 5, 1997) ............. 11, 13

In re Tyco Int'l, Ltd. Multidistrict Litig.,
 No. MDL No. 02-1335-B, 2003 WL 23830479 (D.N.H. Jan. 29, 2003) ............................ 8

In re Vivendi Universal, S.A., Sec. Litig.,
 381 F. Supp. 2d 129 (S.D.N.Y. 2003) ................................................................................. 7

Jones v. Capital Cities/ABC Inc.,

168 F.R.D. 477 (S.D.N.Y. 1996) ............................................................................... 6

Lander v. Hartford Life & Annuity Ins. Co.,
  251 F.3d 101 (2d Cir. 2001) ................................................................................. 7

Morris v. Gilbert,
  649 F. Supp. 1491 (E.D.N.Y. 1986) ................................................................... 13

Rivera v. Heyman,
  No. 96 Civ. 4489(PKL), 1997 WL 86394 (S.D.N.Y. Feb.27, 1997) .............. 11, 12

Schwarz v. Bear, Stearns & Co.,
  No. 603795/97, 1998 WL 672708 (N.Y. Sup. Ct. Aug. 24, 1998) ..................... 13

Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd,
  206 F.R.D. 367 (S.D.N.Y. 2002) ........................................................................ 11

Tellabs, Inc. v. Makor Issues & Rights, Ltd.,
  127 S. Ct. 2499 (2007) .......................................................................................... 3

## STATUTES AND RULES

15 U.S.C. § 78bb(f)(1) ................................................................................................ 13
15 U.S.C. § 78u-4(b)(3)(B) ..................................................................................... 2, 6

## OTHER AUTHORITIES

H.R. Conf. Rep. No, 104-369, at 23 (1995) ................................................................. 7
Investment Advisers Act of 1940 ................................................................................ 1
Private Securities Litigation Reform Act of 1995 ................................... 1, 2, 6, 11, 12
Securities Exchange Act of 1934 § 10(b) ................................................................ 1, 4
Securities Exchange Act of 1934 § 20(a) ................................................................ 1, 4
Securities Litigation Uniform Standards Act of 1998 ................................... 1, 2, 6, 11

## RULES

Fed. R. Civ. P. 26(c) .................................................................................................... 6
Fed. R. Civ. P. 26(d)(1) ...................................................................................... 2, 6, 13
Fed. R. Civ. P. 26(f) .................................................................................................... 6
Fed. R. Civ. P. 34(b)(1)(A) ....................................................................................... 10
S.D.N.Y. Civ. R. 37.2 ................................................................................................. 1

Defendants UBS AG and UBS Financial Services, Inc. ("UBS FS") (collectively, "Defendants") respectfully submit the following memorandum of law in support of Defendants' Motion for a Protective Order Staying Discovery.[1]

## I. INTRODUCTION

The Court holds broad discretion to ensure that discovery proceeds in a just and economical fashion. With that discretion, the Court may order a stay of discovery to ensure that parties to related actions coordinate discovery in a manner that is efficient and practical. In this case, Defendants respectfully request that the Court stay discovery because (1) it would be consistent with congressional intent under the Private Securities Litigation Reform Act of 1995 ("PSLRA") and the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"); and, (2) it would be in the best interest of judicial economy and efficiency.

Several putative class action lawsuits concerning auction rate securities ("ARS") purchased through UBS FS are now pending before this Court. All of these lawsuits allege similar facts against the same Defendants. But Plaintiffs[2] in this putative class action (the "Kassover Action") have advanced legal theories that differ from those in the other lawsuits. While other plaintiffs chose to bring claims under Sections 10(b) and/or 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), Plaintiffs in the Kassover Action bring claims under the Investment Advisers Act of 1940 and New York state law. Plaintiffs' unusual approach seeks to circumvent the PSLRA's automatic discovery stay, and to avoid consolidation with related class actions subject to the PSLRA. The Court should reject Plaintiffs' deliberate attempt

---

[1] On June 11, 2008, the Honorable Lawrence M. McKenna waived the requirement that Defendants request an informal conference regarding discovery. See S.D.N.Y. Civ. R. 37.2.

[2] "Plaintiffs" are Ronald D. Kassover ("Kassover"), Chris Jones, Stephen M. Mittman, Ronald E. Klokke, Jan Schneider, Marjorie Elliot, Rita Tubis, and Helena Tubis.

to receive premature and statutorily prohibited discovery.

The related Exchange Act lawsuits all allege that Defendants made misrepresentations regarding the liquidity of ARS. The Court consolidated these lawsuits under the caption In re UBS Auction Rate Securities Litigation, No. 1:08-cv-02967-LMM (S.D.N.Y. first filed Mar. 21, 2008) (the "PSLRA Action").[3] Because the Exchange Act claims are subject to the PSLRA, see 15 U.S.C. § 78u-4(b)(3)(B), discovery is automatically stayed until such time as the claims might survive a motion to dismiss.[4]

Plaintiffs here filed the Kassover Action based on the same set of alleged facts as the PSLRA Action. Currently pending before the Court is a motion to consolidate the Kassover Action with the PSLRA Action, along with several motions for Lead Plaintiff and Lead Counsel. The Kassover plaintiffs did not move for appointment as Lead Plaintiffs, and oppose the consolidation of the Kassover Action with the PSLRA Action. Instead, they filed the Amended Complaint in this case, and recently served Defendants with an untimely, very broad, and extremely burdensome document request. Plaintiffs even failed to confer with Defendants prior to serving the request as required by the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 26(d)(1).

In light of these circumstances, a stay of discovery until the PSLRA Action survives a motion to dismiss will serve to protect the legislative policies of the PSLRA and SLUSA by ensuring that Plaintiffs do not circumvent the PSLRA's discovery stay. Equally as important, a stay of discovery will ensure that discovery proceeds in the most efficient and

---

[3] See Exhibits A, B, C, D, & E, attached to the accompanying Request for Judicial Notice ("RJN").

[4] See Pls.' Kassover, et al. v. UBS AG, et al. Mem. of Law in Opp'n to Aric A. Streit's and Mary Streit's Mot. for Consol., Appointment of Lead Pl. and Selection of Lead Counsel and in Supp. of Coordination ("Opp'n to Consol.") at 2-3.

economical manner by retaining the ability to coordinate discovery between the two actions. As the Supreme Court has noted on several occasions, the costs associated with class action related discovery can be astronomical, and courts therefore must carefully test class action pleadings to protect against the coercive effects of discovery driving unfair settlements. See Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005) (allowing discovery to proceed when claims are baseless permits a plaintiff "'the right to do so representing an *in terrorem* increment of the settlement value'").[5] Accordingly, a stay of discovery would protect the legitimate interests of the PSLRA and SLUSA while limiting or eliminating duplicative and costly discovery.

In the alternative, Defendants request that discovery be stayed at least until:

- The pending motions to consolidate, transfer, and coordinate are resolved; and/or,
- The Kassover Action survives a motion to dismiss.[6]

## II.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

According to Plaintiffs, UBS AG is a global financial services firm that provides a range of financial products and services through subsidiaries worldwide. (Amend. Compl. ¶ 20.) One such subsidiary, UBS FS, offers brokerage, financial planning, and investment products to investors in the United States. (Id. ¶¶ 21, 29.) As a brokerage, UBS FS received typical brokerage fees for handling clients' investments, including investments into ARS. (Id. ¶¶ 21, 60.)

ARS are typically debt instruments with a long-term nominal maturity for which the interest rates are reset through periodic auctions. (Id. ¶ 2.) At the periodic auctions, investors may submit bids through their broker-dealer to purchase or sell ARS to an auction agent. Based

---

[5] See also Tellabs, Inc. v. Makor Issues & Rights, Ltd., 127 S. Ct. 2499, 2508 (2007) (PSLRA designed to protect against the "targeting of deep-pocket defendants, vexatious discovery requests and manipulation by class action lawyers" (quotation marks omitted)).

[6] Defendants will file a motion to dismiss Kassover's Amended Complaint on or before July 11, 2008.

on the submitted bids, the auction agent sets the next interest rate by determining the lowest rate to clear the total outstanding amount of ARS. (Id. ¶ 32.) If there are not enough orders to purchase all the ARS being sold at an auction, the auction fails. (Id. ¶¶ 40-41.)

In mid-February 2008, ARS auctions failed. (Id. ¶ 5.) Thereafter, on March 14, 2008, plaintiff Kassover filed a Class Action Complaint alleging that Defendants violated the Investment Advisers Act and New York state law. (Compl. ¶¶ 36-76.) Kassover alleged that Defendants engaged in "deceptive and manipulative marketing" of ARS by advising their clients to invest in ARS without disclosing the liquidity risks associated with potential auction failures. (Id. ¶ 3.)

Shortly after plaintiff Kassover filed his complaint in this case, other ARS investors filed a series of putative class action lawsuits against UBS, and separately against a number of other brokerages, alleging Section 10(b) and 20(a) claims under the Exchange Act. (See RJN, Ex. F at 1.)[7] Like the Amended Complaint in this action, the Exchange Act class actions generally allege that the various brokerages defrauded their clients by misrepresenting the liquidity of ARS and failing to disclose the brokerages' role in ARS auctions. (See, e.g., RJN, Ex. A ¶ 2.)

As noted above, the Exchange Act cases filed against the UBS defendants have been consolidated into the PSLRA Action now pending before the Honorable Lawrence M. McKenna. (See RJN, Ex. E.) Five motions have been filed in the PSLRA Action by plaintiffs seeking appointment as Lead Plaintiff under the procedures set forth in the PSLRA. Those motions are now pending before the Court.

One of the Lead Plaintiff motions filed in the PSLRA Action includes a request to

---

[7] The Exchange Act actions filed against UBS AG and UBS FS also named UBS Securities LLC as a defendant. (See, e.g., RJN, Ex. A at ¶ 10.)

consolidate the present Kassover Action with the PSLRA Action, and to appoint the same plaintiff group and its counsel as Lead Plaintiffs and Lead Plaintiffs' Counsel over the Exchange Act claims **and** the Investment Advisers Act claims filed against Defendants.  (See Mem. of Law in Supp. of the Mot. of Aric A. Streit and Mary Streit as Trs. for the Benefit of the Streit Living Trust for Consol., Appointment of Lead Pls. and Approval of Lead Pls.' Selection of Co-Lead Counsel ("Mot. to Consol.") at 5-6.)  On June 8, 2008, this plaintiffs' group filed a new complaint purporting to state both Exchange Act claims and Investment Advisers Act claims against Defendants based on essentially the same general ARS allegations made in this case and in the existing Exchange Act cases.  The Kassover plaintiffs oppose consolidation.

Separately, one of the other Lead Plaintiff movants in the PSLRA Action has also moved the Judicial Panel on Multidistrict Litigation ("MDL") to transfer for coordination in a single District Court all of the various ARS-related class actions against all of the brokerages, including the Kassover Action and the PSLRA Action filed against Defendants.  (RJN, Ex. F at 1.)  At this time, the Kassover plaintiffs have not taken a position on the MDL motion.

While the consolidation, Lead Plaintiff, and MDL motions were being filed by the plaintiffs in the PSLRA Action, on May 27, 2008, plaintiff Kassover, now joined by several other plaintiffs, filed an Amended Complaint in this case.  The Amended Complaint alleges substantially the same causes of actions based on the same underlying conduct as previously alleged in Kassover's original complaint, though Plaintiffs now contend as well that Defendants breached their purported duties by not purchasing ARS to prevent auction failures in February 2008.  (See Amend. Compl. ¶¶ 58-97.)

On the same day Plaintiffs filed their Amended Complaint, they also served Defendants with a First Request for Production of Documents seeking generally "[a]ll documents

already produced or to be produced to governmental agencies in connection with their investigation of [Defendants'] role in recommending, selling, purchasing and/or marketing Auction-Rate Securities and [Defendants'] participation in the Auction-Rate Securities market." (See Exhibit 1, attached to the accompanying Declaration of William F. Sullivan ("Sullivan Decl.").)  In Plaintiffs' rush to serve discovery, however, they failed to confer with Defendants as required by the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 26(d)(1), 26(f).

### III.   THE COURT SHOULD GRANT A LIMITED STAY OF DISCOVERY

Under Rule 26(c) of the Federal Rules of Civil Procedure, a court has broad discretion to impose a stay of discovery upon showing of "good cause."  See Jones v. Capital Cities/ABC Inc., 168 F.R.D. 477, 480 (S.D.N.Y. 1996).  As explained above, there is good cause to grant a stay of discovery until the PSLRA Action survives a motion to dismiss because: (1) the congressional interests reflected in the PSLRA and SLUSA will be protected; (2) the coordinated administration of discovery between the PSLRA Action and the Kassover Action will be more efficient and practical; and, (3) the legal interests of Plaintiffs will not be prejudiced.

### A.   The Court Should Stay Discovery in This Action Until the Motion to Dismiss in the PSLRA Action Is Ruled Upon.

The PSLRA stays all discovery and other proceedings pending a motion to dismiss filed in an action alleging Exchange Act claims.  See 15 U.S.C. § 78u-4(b)(3)(B). Congress's purpose in enacting the PSLRA's stay provision is "to prevent plaintiffs from filing securities fraud lawsuits as a vehicle in order to conduct discovery in the hopes of finding a sustainable claims not alleged in the complaint," and "to prevent plaintiffs from filing securities class actions with the intent of using the discovery process to force a coercive settlement."  In re LaBranche Sec. Litig., 333 F. Supp. 2d 178, 181, 183 (S.D.N.Y. 2004) (internal quotation marks

and citations omitted).[8]  "Manifest in the [PSLRA] is the mandate that courts assess the legal sufficiency of plaintiffs' securities fraud allegations according to what plaintiffs know at the time the complaint is filed, rather than what they wish to learn through discovery and recover from defendants merely by reason of commencing an action charging fraud."  <u>In re Livent, Inc. Noteholders Sec. Litig.</u>, 151 F. Supp. 2d 371, 423 (S.D.N.Y. 2001).

        1.     <u>Allowing Discovery in the Kassover Action Would Circumvent the PSLRA</u>.

Courts frequently stay discovery in related actions to prevent plaintiffs from circumventing the PSLRA.  <u>See, e.g.</u>, <u>In re Crompton Corp. Sec. Litig.</u>, No. 3:03-CV-1293(EBB), 2005 WL 3797695, at *3-4 (D. Conn. July 22, 2005) (granting stay in related state court action to protect congressional intent under PSLRA).  In fact, Congress enacted SLUSA to prevent plaintiffs from fleeing to state court in order to avoid the strictures of the PSLRA, including the discovery stay.  <u>See</u> <u>Lander v. Hartford Life & Annuity Ins. Co.</u>, 251 F.3d 101, 107-08 (2d Cir. 2001).  Therefore, Congress intends that courts use their inherent power to stay discovery to effectuate the policies of the PSLRA.  <u>See, e.g.</u>, <u>In re Salomon Analyst Litig.</u>, 373 F. Supp. 2d 252, 256 (S.D.N.Y. 2005) (staying discovery under court's inherent discretion to protect intent of PSLRA).[9]

        As explained above, the Kassover Action and the PSLRA Action are premised on factual circumstances that are identical, including the same generalized allegations of misrepresentations supposedly made by Defendants in connection with the sale of ARS.

---

[8] See also <u>In re Vivendi Universal, S.A., Sec. Litig.</u>, 381 F. Supp. 2d 129 (S.D.N.Y. 2003); <u>In re AOL Time Warner, Inc. Sec. & "ERISA" Litig.</u>, No. 1500, 02 Civ. 5575, 2003 WL 21729842, at *1 (S.D.N.Y. July 25, 2003); H.R. Conf. Rep. No, 104-369, at 23 (1995).

[9] "Congress intended SLUSA to be liberally construed to prevent circumvention of the discovery stay under the PSLRA."  <u>In re Crompton Corp.</u>, 2005 WL 3797695, at *3.  Accordingly, Congress has demonstrated a strong preference to prevent plaintiffs from using litigation tactics to avoid the procedural limitations of the PSLRA.

(Compare Amend. Compl. ¶¶ 3, 6, with RJN, Ex. A ¶¶ 2-3.)  The primary difference between the two actions is that while the PSLRA Action is premised on claims brought under the Exchange Act, Plaintiffs here artfully pled around the PSLRA and purport to bring their claims under the Investment Advisers Act and New York state law.  (Amend. Compl. ¶¶ 58-97.)

        Allowing Plaintiffs to proceed with discovery before determining the sufficiency of Plaintiffs' legal allegations would allow them to circumvent the PSLRA's discovery stay.  See In re Tyco Int'l, Ltd. Multidistrict Litig., No. MDL No. 02-1335-B, 2003 WL 23830479, at *3 (D.N.H. Jan. 29, 2003) (the PSLRA's "purpose clearly would be undermined if litigants could circumvent the stay by using litigation tactics").  Plaintiffs in the Kassover Action are also putative class members in the PSLRA Action,[10] and thus their receipt of discovery will necessarily violate the PSLRA stay.  See In re Crompton Corp., 2005 WL 3797695, at *3 (because plaintiff "is a putative class member in the federal action . . . her receipt of discovery without a showing that it is necessary to preserve evidence or prevent undue prejudice violates the PSLRA").  Further, as presumptive Lead Plaintiffs in the Kassover Action, Plaintiffs will find themselves in an untenable conflict with their putative class members.  See In re Cendant Corp. Sec. Litig., 404 F.3d 173, 198 (3d Cir. 2005) (a Lead Plaintiff owes fiduciary duties to its class members).  Plaintiffs will be unable to share discovery with their putative class members because they are also putative class members in the PSLRA Action.  See In re Crompton Corp., 2005 WL 3797695, at *1.  Thus, a stay of discovery will effectuate the policies of the PSLRA and SLUSA by prohibiting discovery until the motion to dismiss is resolved in the PSLRA Action.

---

[10] Although a consolidated complaint has not yet been filed in the PSLRA Action, the Exchange Act complaints generally define the putative "Class" as anyone who purchased and continues to hold ARS from UBS FS.  (See, e.g., RJN, Ex. A ¶ 1.)  Plaintiffs in the Kassover Action are therefore putative class members of the PSLRA Action.  (See Amend. Compl. ¶ 12 (plaintiff Kassover purchased and holds ARS).)

### 2. Staying Discovery Until It Can Be Coordinated with the PSLRA Action Is More Efficient and Practical.

Although Plaintiffs' status as putative class members in the PSLRA Action should be reason enough to grant Defendants' request for a stay of discovery, good cause also exists because allowing discovery at this time would be inefficient and unnecessarily burdensome. Permitting Plaintiffs to proceed prematurely with discovery in the Kassover Action would undermine "the just efficient and economical conduct of the litigations" by requiring Defendants to produce costly discovery on separate occasions. See In re Cardinal Health, Inc. Sec. Litig., 365 F. Supp. 2d 866, 876-77 (S.D. Ohio 2005) (staying discovery under SLUSA where the duplicative "burden on Defendants and judicial resources would be great"). Instead, coordinated discovery between the parties would prove most efficient because Defendants could gather and produce all relevant discovery at a single time. See In re Aviation Prods. Liab. Litig., 347 F. Supp. 1401, 1403-04 (J.P.M.L. 1972) (coordinated pretrial discovery avoids overlapping and duplicitous discovery and assures the just and efficient conduct of the litigation).

For example, Plaintiffs blindly demand the production "of all documents already produced or to be produced to governmental agencies in connection with their investigation" without knowing the content of any purported document request from the governmental agencies. (Sullivan Decl., Ex. 1 at 4-5.)[11] Plaintiffs also fail to describe the documents to be produced with "reasonable particularity" as required by Rule 34(b)(1)(A) of the Federal Rules of Civil Procedure. (See id.) Therefore, Plaintiffs have requested that Defendants respond to an enormously broad request, which entails an extremely time intensive and costly process. See

---

[11] Plaintiffs' documents request seeks all documents produced to governmental agencies from January 1, 2000, through the present. (See Sullivan Decl., Ex. 1 at 4.) Given this large time period and Plaintiffs' failure to define "investigation," determining the documents that Defendants previously produced to various governmental agencies relating to the ARS market is a daunting task.

Harris v. IVAX Corp., 998 F. Supp. 1449, 1452 (S.D. Fla. 1998) (noting that Congress specifically intended to curb the "expensive, protracted discovery" typically involved in securities litigation).

Assuming *arguendo* that the PSLRA Action survives a motion to dismiss, Defendants will presumably be subjected to a similar, but not necessarily identical, document request as that served in the Kassover Action.  See In re AOL Time Warner, Inc. Sec. & "ERISA" Litig., No. MDL NO. 1500, 02 Civ. 8853 (SWK), 2003 WL 22227945, at *2 (S.D.N.Y. Sept. 26, 2003) (allowing a handful of plaintiffs, not subject to the PSLRA, to control discovery would prove inefficient).  Therefore, Defendants will be forced to review many of the same documents when responding to a document request arising from the PSLRA Action.

Moreover, in a similar and procedurally identical case brought against Citigroup Inc. and related entities (collectively "Citigroup"), Plaintiffs' counsel attempted to have their Investment Advisers Act and New York state law claims remain separate from claims brought by other plaintiffs under the Exchange Act.  (RJN, Ex. G at 3 (In re Citigroup Auction Rate Sec. Litig., No. 08 Civ. 83095 (LTS)(FM) (S.D.N.Y. June 25, 2008) (consolidation order).)  Judge Laura Swain recognized, however, that the cases deal with substantially the same claims, substantially the same defendants and substantially the same discovery.  (Id., Ex. G at 4.)  Judge Swain also rejected Plaintiffs' counsel's argument that consolidation would impede the progress of their case; rather, the Court found "that the other parties may be prejudiced by a failure to consolidate."  (Id., Ex. G at 4-5.)  Accordingly, other courts acknowledge the efficiency of coordinated discovery outweighs any prejudice to plaintiffs.

   3. Plaintiffs Will Not Be Prejudiced by a Stay of Discovery.

Additionally, Plaintiffs' legal interests will not suffer due to a stay of discovery. (See, e.g., id., Ex. G at 4-5 (rejecting Plaintiffs' counsel argument that a delay in the similarly

situated Citigroup class action would prejudice their clients' claims).)  First, a limited stay of discovery seeking documents ordinarily does not prejudice parties.  See In re Trump Hotel S'holder Derivative Litig., No. 96CIV.7820 (DAB)(HBP), 1997 WL 442135, at *2 (S.D.N.Y. Aug. 5, 1997).  Second, a stay of discovery would apply for only a relatively short period of time.  See Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (if a stay of discovery results in only a brief delay before a dispositive motion is filed, courts are more inclined to grant stay).  Finally, Defendants can also assure the Court that they have taken the necessary steps to preserve evidence so no prejudice will result.  See In re AOL Time Warner, Inc. Sec. & "ERISA" Litig., 2003 WL 21729842, at *2 (crediting defendants' assurances to "uphold their obligation under the PSLRA to preserve evidence").  Therefore, Plaintiffs will not be prejudiced by a limited stay of discovery while motion(s) to dismiss are pending in the PSLRA Action.

      **B.**      **In the Alternative, Discovery Should Be Stayed Until the Kassover Action Survives a Motion to Dismiss.**

Although the policies underlying the PSLRA and SLUSA provide ample cause to grant Defendants' request for a limited stay of discovery that would be contemporaneous with the PSLRA's automatic stay already in place in the PSLRA Action, the Court should also grant a stay because Defendants will be filing a dispositive motion that would render discovery moot.  See Rivera v. Heyman, No. 96 Civ. 4489(PKL), 1997 WL 86394, at *1 (S.D.N.Y. Feb.27, 1997).  Continuing with discovery at this time would therefore prove unnecessary, inefficient, and costly.[12]  Accordingly, the Court should exercise its discretion and stay discovery pending a determination of Defendants' forthcoming motion to dismiss.

---

[12] Yet, "[a] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue."  Rivera, 1997 WL 86394, at *1.

1.     Defendants' Dispositive Motion to Dismiss Will Likely Prevail.

Plaintiffs' Amended Complaint is clearly an attempt to set forth causes of action not expressly subject to the discovery stay of the PSLRA. (See Opp'n to Consol. at 2-3.) Plaintiffs' craftiness aside, the resulting Amended Complaint represents an unsuccessful attempt to put a square peg in a round hole; in other words, Plaintiffs are incapable of properly alleging their claims because the factual allegations do not comport with their theories of liability.[13]

For example, with respect to Plaintiffs' Advisers Act claim (see Amend. Comp. ¶¶ 58-64), the Amended Complaint does not contain the necessary factual allegations indicating the existence of an investment advisory contract. See Bogart v. Shearson Lehman Bros., Inc., No. 91 Civ. 1036 (LBS), 1993 WL 33643, at *3 (S.D.N.Y. Feb. 3, 1993) (dismissing IAA claim for failure to allege an advisory contract). Instead, Plaintiffs allege UBS FS charged "customary brokerage fees . . . in connection with their [clients'] purchase or sale of ARS," and also collected fees in connection with running auctions. (Amend. Compl. ¶ 33.) Because "there is no allegation of payment of a separate investment adviser's fee," Plaintiffs have not alleged the existence of an investment adviser contract. See Bogart, 1993 WL 33643, at *3.

Similarly, there is simply no private right of action for Plaintiffs' New York state law claims (i.e., New York General Business Law § 349 ("NY GBL § 349"),[14] breach of fiduciary duty, aiding and abetting a breach of fiduciary duty, breach of an implied covenant of

---

[13] In order to show that the forthcoming motion to dismiss is well-founded, Defendants present the Court here with only a brief description of the reasons that the Amended Complaint will not survive the forthcoming motion to dismiss. Defendants' motion to dismiss will not be limited to the issues, arguments, and authorities summarized in this Motion for Protective Order.

[14] Plaintiffs' NY GBL § 349 claim also fails because "the sale of securities, which are considered to be investments rather than goods to be consumed or used, does not give rise to a consumer fraud claim" under NY GBL § 349. Schwarz v. Bear, Stearns & Co., No. 603795/97, 1998 WL 672708, at *1 (N.Y. Sup. Ct. Aug. 24, 1998) (citing Morris v. Gilbert, 649 F. Supp. 1491, 1497 (E.D.N.Y. 1986)); In re Evergreen Mut. Funds Fee Litig., 423 F. Supp. 2d 249, 264 (S.D.N.Y. 2006) ("[c]ontrary to Plaintiffs' assertions, Section 349 does not apply to securities-related claims").

good faith and fair dealing, negligence, and negligent misrepresentation). (Amend. Compl. ¶¶ 70-97.) The Martin Act precludes private litigants from alleging these common law causes of actions when the relevant transactions involve the sale of securities. See Granite Partners, L.P. v. Bear, Stearns & Co., 17 F. Supp. 2d 275, 291 (S.D.N.Y. 1998) ("claims for breach of fiduciary duty and negligent and innocent misrepresentation, for example, which do not require a plaintiff to plead and prove intentional deceit, are covered by the Martin Act and cannot be asserted by private litigants"). Additionally, to the extent that Plaintiffs' state law claims involve "covered securities," they must be dismissed under the Securities Litigation Uniform Standards Act of 1998. See 15 U.S.C. § 78bb(f)(1) (precluding covered class actions alleging state law claims). Therefore, Plaintiffs' allegations do not support causes of actions under state law.

    2.  <u>Plaintiffs' Discovery Request Is Broad and Overly Burdensome</u>.

As stated above, *infra* III.A.2, Plaintiffs served Defendants with an extremely broad and burdensome document request without conferring with Defendants as required by Rule 26(d)(1) of the Federal Rules of Civil Procedure. The expense of reviewing and producing the requested documents is considerable. Hence, the costs of proceeding with discovery substantially outweigh any burden imposed by a limited stay until Defendants' dispositive motion to dismiss is resolved. See In re Trump Hotel, 1997 WL 442135, at *2 ("the possibility that prejudice will result from a stay is particularly remote in this case because the only discovery currently sought is the production of documents").

    3.  <u>Plaintiffs Will Not Be Prejudiced by a Stay of Discovery</u>.

For the reasons stated, *infra* III.A.3, Plaintiffs will not be prejudiced or otherwise unduly burdened by a limited stay of discovery. See Greene v. Emersons, Ltd., 86 F.R.D. 66, 73 (S.D.N.Y. 1980) (defendants have a right to challenge the legal sufficiency of a complaint until a motion to dismiss is filed).

### C. The Court Should Stay Discovery Until the Pending Motions for Consolidation and Coordination Are Ruled Upon.

A motion to consolidate the Kassover Action and the PSLRA Action is pending before the Court. (See Mot. to Consol. at 5-6.)[15] If the motion to consolidate is granted, allowing Plaintiffs to proceed with discovery on the non-Exchange Act claims "would essentially . . . vitiate[]" the PSLRA's automatic discovery stay. In re Smith Barney Transfer Agent Litig., No. 05 Civ. 7583(WHP), 2006 WL 1738078, at *3 (S.D.N.Y. June 26, 2006). Plaintiffs have admitted as much. (See Opp'n to Consol. at 2-3 (arguing that consolidation would prejudice Plaintiffs because it would subject their claims to the PSLRA's automatic discovery stay).) Further, the Court may not appoint Plaintiffs to the position of Lead Plaintiff in a consolidated action. Without Lead Plaintiff status, Plaintiffs would lose control of their claims. Therefore, at a minimum, discovery should be stayed until the Court determines whether the Kassover Action and the PSLRA Action are to be consolidated.

In addition, a motion to transfer and coordinate all related actions, including the Kassover Action and the PSLRA Action, is pending before the MDL panel. (See RJN, Ex. F.) "A principal purpose of [MDL transfers] is to allow one judge to take control of complex proceedings, the better to avoid unnecessary duplication in discovery." In re Orthopedic Bone Screw Prods. Liab. Litig., 79 F.3d 46, 48 (7th Cir. 1996). Hence, moving forward with discovery at this time could possibly frustrate a core purpose of a MDL transfer. A stay of discovery is thus appropriate at least until the MDL panel resolves the pending motion to transfer and coordinate.

---

[15] At the May 6, 2008, pre-trial conference, the Chandler Group's counsel also noted that his clients would consider taking over the claims alleged in the Kassover Action. The Chandler Group and the plaintiffs moving for consolidation are both strong contenders for Lead Plaintiff in the PSLRA Action.

## IV.  CONCLUSION

       For the foregoing reasons, Defendants urge the Court to grant a stay of discovery.

Dated: Los Angeles, California

June 27, 2008

PAUL, HASTINGS, JANOFSKY & WALKER LLP

By:_____/s/_____

WILLIAM F. SULLIVAN

williamsullivan@paulhastings.com
Howard M. Privette
howardprivette@paulhastings.com
John S. Durrant
johndurrant@paulhastings.com
515 South Flower Street
Los Angeles, California 90071
(213) 683-6000

Keith W. Miller
keithmiller@paulhastings.com
75 East 55th Street
New York, New York 10022
(212) 318-6000

James D. Wareham
jameswareham@paulhastings.com
875 15th Street, N.W.
Washington, D.C. 20005
(202) 551-1700

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I, William F. Sullivan, do hereby certify that on June 27, 2008, a true and correct copy of the foregoing Memorandum of Law in Support of Defendants' Motion for Protective Order Staying Discovery was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the notice of electronic filing. Parties may access this filing through the Court's CM/ECF System.

/s/

WILLIAM F. SULLIVAN

LEGAL_US_E # 79658487.9