Keith W. Miller
PAUL, HASTINGS, JANOFSKY & WALKER LLP
75 East 55th Street
New York, New York 10022
(212) 318-6000

James D. Wareham
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th Street, N.W.
Washington, D.C. 20005
(202) 551-1700

William F. Sullivan
Howard M. Privette
John S. Durrant
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street
Los Angeles, California 900071
(213) 683-6000

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE UBS AUCTION RATE SECURITIES LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Case No: 08-CV-02967 (LMM) (KNF) |
| RONALD D. KASSOVER, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UBS AG and UBS FINANCIAL SERVICES, INC.,<br><br>Defendants. | Case No: 08-CV-02753 (LMM)<br><br>**DEFENDANTS' SUPPLEMENTAL RESPONSE IN SUPPORT OF CONSOLIDATION** |

Defendants UBS AG, UBS Financial Services, Inc., and UBS Securities LLC (collectively, "Defendants") respectfully submit this Supplemental Response in Support of Consolidation of the above captioned actions. Defendants, however, take no position on the competing motions for lead plaintiff and lead counsel.

## I.  IN RE CITIGROUP AUCTION RATE SECURITIES LITIGATION

On June 25, 2008, United State District Court Judge Laura T. Swain issued an order consolidating several securities fraud class actions filed against Citigroup Inc. and related entities (the "Citigroup Actions"). (See Exhibit A at 2, attached to the accompanying Declaration of William F. Sullivan ("Sullivan Decl.").) The procedural posture of the Citigroup Actions is virtually identical to the procedural of the above captioned class actions (the "UBS Actions"):

- The UBS Actions' allegations "center around the [D]efendants' representations regarding ARS and their decision, along with that of other broker-dealers, to stop participating in ARS auctions." (Order Setting Lead Plaintiff/Counsel Conference, No. 08-CV-02967 (DLC) at 2.) Similarly, the Citigroup Actions allege that the defendants "failed to disclose material facts while marketing auction rate securities ('ARS') and that, once [Citigroup] ceased [its] artificial support for the ARS auction market, the market collapsed and Plaintiffs were left with illiquid ARS." (Sullivan Decl., Ex. A at 2.)

- Like the UBS Actions, the Citigroup Actions include putative class actions alleging claims subject to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). (Id., Ex. A at 3.)

- The UBS Actions and the Citigroup Actions each include one putative class action alleging non-PSLRA claims – respectively the "Kassover class action" and the "Stockhamer class action." (Id.)[1]

- As with the Kassover class action, plaintiffs in the Stockhamer class action have served defendants with document requests.

- Plaintiffs in both the Kassover class action and Stockhamer class action have argued

---

[1] Both the Kassover class action and the Stockhamer class action also allege claims arising under the Investment Advisers Act of 1940 and New York state law. Plaintiffs' counsel in the Stockhamer class action is also counsel for plaintiffs in the Kassover class action.

-1-

that, because they have served discovery on the defendants and their claims are not expressly subject to the PSLRA's automatic discovery stay, their respective class actions should not be consolidated with the other related UBS Actions or Citigroup Actions. (Id., Ex. A at 4-5.)

In light of the procedural posture in the Citigroup Actions, Judge Swain ordered the consolidation of the PSLRA class actions and the non-PSLRA Stockhamer class action. (Id.) Judge Swain found that parties to the PSLRA class actions "may be prejudiced by a failure to consolidate" with the non-PSRLA class action. (Id.) Moreover, Judge Swain determined that consolidation of the PSLRA and non-PSLRA class actions was in the best interests of judicial economy. (Id., Ex. A at 5.) Accordingly, Defendants submit that the Court should consolidate the PSLRA and non-PSLRA class actions because it is in the interests of judicial economy and will avoid possible prejudice to parties in the UBS Actions.

## II. CONCLUSION

For the reasons expressed in the Citigroup consolidation order, Defendants request that the Court consolidate the UBS Actions.

Dated: Los Angeles, California        PAUL, HASTINGS, JANOFSKY & WALKER LLP

      June 27, 2008                              By:_____/s/_____

                                                     WILLIAM F. SULLIVAN

williamsullivan@paulhastings.com
Howard M. Privette
howardprivette@paulhastings.com
John S. Durrant
johndurrant@paulhastings.com
515 South Flower Street
Los Angeles, California 90071
(213) 683-6000

(continued on next page)

-3-

>Keith W. Miller
>keithmiller@paulhastings.com
>75 East 55th Street
>New York, New York 10022
>(212) 318-6000
>
>James D. Wareham
>jameswareham@paulhastings.com
>875 15th Street, N.W.
>Washington, D.C. 20005
>(202) 551-1700
>
>Attorneys for Defendants

## CERTIFICATE OF SERVICE

      I, William F. Sullivan, do hereby certify that on June 27, 2008, a true and correct copy of Defendants' Supplemental Response in Support of Consolidation was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the notice of electronic filing. Parties may access this filing through the Court's CM/ECF System.

                                                                /s/

                                              WILLIAM F. SULLIVAN