Keith W. Miller
PAUL, HASTINGS, JANOFSKY & WALKER LLP
75 East 55th Street
New York, New York 10022
(212) 318-6000

James D. Wareham
PAUL, HASTINGS, JANOFSKY & WALKER LLP
875 15th Street, N.W.
Washington, D.C. 20005
(202) 551-1700

William F. Sullivan
Howard M. Privette
John S. Durrant
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street
Los Angeles, California 900071
(213) 683-6000

Attorneys for Defendants UBS AG and
UBS Financial Services, Inc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RONALD D. KASSOVER, *et al.*, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>UBS AG and UBS FINANCIAL SERVICES, INC.,<br><br>　　　　　　　　　　　　　Defendants. | Case No: 08-CV-02753 (LMM) (KNF)<br>ECF Case<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY** |

-i-

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................................................................ 1

II.    THE COURT SHOULD STAY DISCOVERY............................................................. 2

    A.    Discovery Should Be Stayed Until The Related PSLRA Actions Survive A Motion To Dismiss ............................................................................. 2

    B.    Discovery Should Be Stayed Until Plaintiffs' Amended Complaint Survives A Motion To Dismiss............................................................................. 5

    C.    Discovery Should Be Stayed Until The Pending Motion to Transfer for Coordination Is Resolved........................................................................ 9

    D.    Plaintiffs Will Not Be Prejudiced By A Limited Stay Of Discovery .................... 9

    E.    The Court's Recent Consolidation Order Supports A Stay Of Discovery........... 11

III.    CONCLUSION................................................................................................................. 12

## TABLE OF AUTHORITIES

Page

### CASES

Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp.,
 98 F.3d 25, 31 (2nd Cir. 1996) ............................................................................................... 8

AIG Global Sec. Lending Corp. v. Banc of America Sec., LLC,
 No. 01 Civ. 11448 (JGK), 2005 WL 2385854, at *16 ...................................................... 7, 8

Bogart v. Shearson Lehman Bros., Inc.,
 No. 91 Civ. 1036 (LBS), 1993 WL 33643 (S.D.N.Y. Feb. 3, 1993) ..................................... 6

Caboara v. Babylon Cov Dev., LLC,
 --- N.Y.S. 2d ---, 2008 WL 2747188 (2d Dept. July15, 2008) ........................................... 7, 8

Castellano v. Young & Rubicam, Inc.,
 257 F.3d 171 (2d Cir. 2001)................................................................................................... 7

Chrysler Capital Corp. v. Century Power Corp.,
 137 F.R.D. 209 (S.D.N.Y. 1991) ........................................................................................... 6

City of Austin Police Retirement System v. ITT Educ. Service, Inc.,
 No. 1:04-cv-0380, 2005 WL 280345 (S.D. Ind. Feb. 2, 2005)........................................... 3, 4

Clark v. Nevis Capital Mgmt., LLC,
 No. 04 Civ. 2702 (RWS), 2005 WL 488641 (S.D.N.Y. Mar. 2, 2005) ................................. 6

Granite Partners, L.P. v. Bear, Stearns & Co.,
 17 F. Supp. 2d 275, 291 (S.D.N.Y. 1998) ............................................................................. 7

Gross v. Diversified Mortgage Investors,
 431 F. Supp. 1080 (S.D.N.Y. 1977)....................................................................................... 6

In re AOL Time Warner, Inc. Sec. & "ERISA" Litig.,
 No. 02 Civ. 5575, 2003 WL 21729842 (S.D.N.Y. July 21, 2003) ........................................ 5

In re AOL Time Warner, Inc. Sec. & "ERISA" Litigation,
 No. 02 Civ. 8853 (SWK), 2003 WL 22227945 (S.D.N.Y. Sept. 26, 2003) ........................... 4

In re Aviation Prods. Liab. Litig.,
 347 F. Supp. 1401 (J.P.M.L. 1972) ....................................................................................... 5

In re Cardinal Health, Inc. Sec. Litig.,
 365 F. Supp. 2d 866 (S.D. Ohio 2005).................................................................................. 4

In re Cendant Corp. Sec. Litig.,
 404 F.3d 173 (3d Cir. 2005)................................................................................................... 4

In re Citigroup Auction Rate Sec. Litig.,
 No. 08 Civ. 83095 (LTS)(FM) (S.D.N.Y. June 25, 2008) ..................................................... 5

In re Crompton Corp. Sec. Litigation,
 No. 3:03-cv-1293 (EBB), 2005 WL 3797695 (D. Conn. July 22, 2005) ............................ 3, 4

In re Currency Conversion Fee Antitrust Litig.,
 No. MDL 1409, 2002 WL 88278 (S.D.N.Y. Jan. 22, 2002).................................................. 6

REPLY IN SUPPORT OF DEFENDANTS'
MOTION FOR PROTECTIVE ORDER STAYING DISCOVERY

## TABLE OF AUTHORITIES
### (continued)

Page

In re Fannie Mae Sec. Litig.,
  362 F. Supp. 2d 37, 39 (D.D.C. 2005) .................................................................................. 10

In re FirstEnergy S'holder Deriv. Litigation,
  219 F.R.D. 584 (N.D. Ohio 2004) ......................................................................................... 4

In re LaBranche Secs. Litigation,
  333 F. Supp. 2d 178 (S.D.N.Y. 2004) ............................................................................. 5, 10

In re Orthopedic Bone Screw Prods. Liab. Litigation,
  79 F.3d 46 (7th Cir. 1996) .................................................................................................... 9

In re Tyco Int'l, Ltd. Multidistrict Litig.,
  No. MDL No. 02-1335-B, 2003 WL 23830479 (D.N.H. Jan. 29, 2003) ............................. 3

In re UBS Auction Rate Securities Litigation,
  No. 1:08-cv-02967-LMM (S.D.N.Y. Mar. 21, 2008) ........................................................... 1

Joffee v. Lehman Bros., Inc.,
  No. 04-CV-3507, 2005 WL 1492101, at *14 (S.D.N.Y. June 23, 2005) .......................... 7, 8

Marcus v. Frome,
  329 F. Supp. 2d 464 (S.D.N.Y. 2004) ................................................................................... 7

Nanopierce Techs., Inc. v. Southridge Capital Mgmt. LLC,
  No. 02 Civ. 0767(LBS), 2003 WL 22052894 (S.D.N.Y. Sept. 2, 2003) ............................... 7

Pro Bono Invs., Inc. v. Gerry,
  No. 03 Civ. 4347 (JGK), 2005 WL 2429787 (S.D.N.Y. Sept. 30, 2005) .............................. 7

Rampersad v. Deutsche Bank Sec. Inc.,
  381 F. Supp. 2d 131, 133-34 (S.D.N.Y. 2003) ................................................................... 10

Rivera v. Heyman,
  No. 96 Civ. 4489 (PKL), 1997 WL 86394 (S.D.N.Y. Feb.27, 1997) ................................. 10

S. Cherry St. LLC v. Hennessee Group LLC (In re Bayou Hedge Fund Litig.),
  534 F. Supp. 2d 405 (S.D.N.Y. 2007) ................................................................................... 7

Seippel v. Sidley Austin Brown & Wood LLP,
  No. 03-cv-6942 (SAS), 2005 WL 388561 (S.D.N.Y. Feb. 17, 2005) ............................. 3, 10

Sofonia v. Principal Life Ins. Co.,
  465 F.3d 873 (8th Cir. 2006) ................................................................................................. 9

Tobias Holding, Inc. v. Bank United Corp.,
  177 F. Supp. 2d 162 (S.D.N.Y. 2001) ................................................................................... 4

Xpedior Creditor Trust v. Credit Suisse First Boston (USA) Inc.,
  341 F. Supp. 2d 258, 272 (S.D.N.Y. 2004) ........................................................................... 7

# TABLE OF AUTHORITIES
## (continued)

**Page**

### STATUTES

15 U.S.C. § 77p(f)(3) ............................................................................................................... 9
15 U.S.C. § 77r(b) ..................................................................................................................... 9
15 U.S.C. § 78bb(f)(5)(E) ......................................................................................................... 9
15 U.S.C. § 80b-2(11) ............................................................................................................... 6

### RULES

Fed. R. Civ. P. 26(d)(1) ............................................................................................................ 2
Fed. R. Civ. P. 26(f)(2) ............................................................................................................. 2

Defendants UBS AG and UBS Financial Services, Inc. ("UBS FS") (collectively, "Defendants") respectfully submit this Reply in Support of Defendants' Motion for Protective Order Staying Discovery.

## I. INTRODUCTION

Defendants submit a simple and logical request – stay discovery until dispositive matters directly affecting this action are resolved. In support of this request, Defendants established that a discovery stay will promote the just and efficient conduct of this and related actions while posing no undue burden on Plaintiffs. Other than Plaintiffs' vague and unsubstantiated assertion of prejudice, it remains unclear exactly why Plaintiffs oppose a discovery stay. Nevertheless, the Court retains broad discretion to ensure that discovery proceeds in a just and economical fashion. To accomplish that goal, Defendants request that the Court exercise that discretion and stay discovery.

In their moving papers, Defendants established good cause justifying a discovery stay for three equally valid reasons. First, allowing discovery to proceed now circumvents the automatic stay provision of the Private Securities Litigation Reform Act of 1995 (the "PSLRA") by providing class members of the related PSLRA actions with discovery.[1] Second, allowing discovery to proceed before Defendants' dispositive motion to dismiss is resolved is inefficient and costly. And third, allowing discovery to proceed while the motion to transfer for coordination is pending before the Judicial Panel on Multidistrict Litigation ("JPML") permits Plaintiffs to control the course of discovery without any assurance that they will have any role in this case when the motion is resolved. Allowing Plaintiffs to run out ahead of the PSLRA actions

---

[1] The PSLRA actions have been consolidated under the caption In re UBS Auction Rate Securities Litigation, No. 1:08-cv-02967-LMM (S.D.N.Y.) (first complaint filed Mar. 21, 2008).

and the JPML decision – before the validity of the Amended Complaint is tested – would only undermine the efficient prosecution of these actions. As such, Defendants provide the Court with ample cause to exercise its inherent discretion to grant Defendants' Motion for Protective Order Staying Discovery.[2]

## II. THE COURT SHOULD STAY DISCOVERY

### A. Discovery Should Be Stayed Until The Related PSLRA Actions Survive A Motion To Dismiss

Defendants have demonstrated that staying discovery prevents Plaintiffs from circumventing the PSLRA's automatic discovery stay and avoids duplicative, inefficient, and unnecessarily burdensome discovery. Plaintiffs' only response is that *some* courts under specific circumstances have permitted discovery in concurrent non-PSLRA actions.[3] Defendants do not dispute this obvious point. Plaintiffs' opposition does nothing to address Defendants' specific arguments *in this case*; rather, Plaintiffs ignore the material factual and procedural distinctions that make the PSLRA particularly relevant here.

Notably, Plaintiffs refuse to acknowledge the fact that they are class members in the PSLRA actions. (See generally Pls.' Opp.) Likewise, the plaintiffs in the PSLRA actions are putative class members in this action. (Id.) Further, Plaintiffs agree that that there are common

---

[2] Plaintiffs assert that the requirements of the Federal Rules of Civil Procedure ("FRCP") were met before serving Defendants with discovery. (Pls.' Opp. at 3.) This is plainly false. FRCP 26(d)(1) requires parties confer "as required by Rule 26(f)" before any discovery is served. In turn, FRCP 26(f) obligates the parties to confer about multiple issues, including the formation of a discovery plan. No such conference ever occurred. Indeed, if the parties had conferred "as required by Rule 26(f)," a discovery plan would have already been submitted to the Court. See Fed. R. Civ. P. 26(f)(2) (requiring discovery plan submitted "14 days after the conference"). No such plan has been submitted. Plaintiffs' protestations to the contrary, the parties have obviously not conducted a FRCP 26(f) conference, and until such time, discovery cannot be served on any party. See Fed. R. Civ. P. 26(d)(1).

[3] (See Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion for a Protective Order Staying Discovery ("Pls.' Opp.") at 6-8.)

questions of fact between this action and the PSLRA actions,[4] and thus a substantial likelihood that discovery sought by Plaintiffs will also be sought by other plaintiffs in the PSLRA actions. (See id. at 13.)  Under these circumstances, Plaintiffs' "receipt of discovery without a showing that it is necessary to preserve evidence or prevent undue prejudice violates the PSLRA." In re Crompton Corp. Sec. Litig., No. 3:03-cv-1293 (EBB), 2005 WL 3797695, at *3 (D. Conn. July 22, 2005) (staying discovery in a related ERISA action where the plaintiff was a class member of an action subject to the PSLRA); see also City of Austin Police Ret. Sys. v. ITT Educ. Serv., Inc., No. 1:04-cv-0380, 2005 WL 280345, at *7 (S.D. Ind. Feb. 2, 2005) ("The risk of evasion of federal restrictions is obvious in parallel state cases alleging securities fraud under state law.").  Plaintiffs fail to address this dispositive fact.

Instead, Plaintiffs cobble together a handful of cases which are materially different from the procedural posture before the Court.  For example, Plaintiffs rely on Seippel v. Sidley Austin Brown & Wood LLP, No. 03-cv-6942 (SAS), 2005 WL 388561 (S.D.N.Y. Feb. 17, 2005).  In Seippel, the court allowed the plaintiffs to seek discovery on their state law claims only *after* their state law claims survived a motion to dismiss.  Id. at *3 ("The PSLRA stay is intended to prevent defendants from being forced to bear the expense of discovery until after a court has assessed the sufficiency of the complaint.  I have already assessed the sufficiency of the Seippels' remaining state law claims, and sustained them.").  Similarly, in In re Tyco Int'l, Ltd. Multidistrict Litig., No. MDL No. 02-1335-B, 2003 WL 23830479 (D.N.H. Jan. 29, 2003), the court allowed an ERISA action to proceed with discovery because the action was brought "on

---

[4] (See Plaintiffs' Memorandum of Law in Support of Limited Consolidation of the Kassover Action with the Previously Ordered Consolidation of the Exchange Act Cases, and Appointment of Schoengold Sporn Laitman & Lometti, P.C. as Interim Class Counsel with Respect to the Investment Adviser Act and Common Law Claims (Pls.' Mot. to Consol.") at 3.)

behalf of different plaintiffs" than the action subject to the PSLRA. Id. at *3. Thus, these cases, and others relied on by Plaintiffs,[5] do not address the fact that Plaintiffs' receipt of discovery circumvents the clear mandate of the PSLRA. See In re Crompton Corp., 2005 WL 3797695, at *3.[6]

Moreover, Plaintiffs entirely ignore the obvious efficiency of coordinating discovery between this action and the PSLRA actions. Allowing Plaintiffs to control discovery at this juncture is obviously inefficient. See In re AOL Time Warner, Inc. Sec. & "ERISA" Litig., No. MDL NO. 1500, 02 Civ. 8853 (SWK), 2003 WL 22227945, at *2 (S.D.N.Y. Sept. 26, 2003) (permitting a "handful of ERISA plaintiffs to control discovery for all of the parties in this action [is] a counterintuitive proposition to be sure"). Indeed, permitting Plaintiffs to proceed prematurely with discovery in this action would undermine "the just efficient and economical conduct of the litigations" by requiring Defendants to produce costly discovery on separate occasions. See In re Cardinal Health, Inc. Sec. Litig., 365 F. Supp. 2d 866, 876-77 (S.D. Ohio 2005) (staying discovery under SLUSA where the duplicative "burden on Defendants and judicial resources would be great"); see also In re Aviation Prods. Liab. Litig., 347 F. Supp. 1401,

---

[5] See also City of Austin Police Ret. Sys., 2005 WL 280345, at *6 (allowing discovery where a shareholder, not a party to PSLRA action, sought to inspect books and records of corporation under Delaware state law); In re FirstEnergy S'holder Deriv. Litig., 219 F.R.D. 584, 586-87 (N.D. Ohio 2004) (allowing discovery in derivative action brought on behalf of separate plaintiff than the PSLRA plaintiffs); Tobias Holding, Inc. v. Bank United Corp., 177 F. Supp. 2d 162, 169 (S.D.N.Y. 2001) (allowing discovery for "separate and distinct breach of contract and tortious interference claims" that did not mirror the claims subject to the PSLRA).

[6] Plaintiffs also fail to address how, as lead plaintiffs in this action, they can resolve the untenable conflict with their putative class members. See In re Cendant Corp. Sec. Litig., 404 F.3d 173, 198 (3d Cir. 2005) (a lead plaintiff owes fiduciary duties to its class members). As fiduciaries to the putative class, Plaintiffs cannot withhold discovery from their class members. Plaintiffs in the PSLRA actions, who are also class members in this action, would thus have unfettered access to discovery. And receipt of discovery before the PSLRA actions survive a motion to dismiss would necessarily violate the PSLRA. See In re Crompton Corp., 2005 WL 3797695, at *1.

1403-04 (J.P.M.L. 1972) (coordinated pretrial discovery avoids overlapping and duplicitous discovery and assures the just and efficient conduct of the litigation); (Request for Judicial Notice, Ex. G at 3 (In re Citigroup Auction Rate Sec. Litig., No. 08 Civ. 83095 (LTS)(FM) (S.D.N.Y. June 25, 2008) (consolidation order) (stating "that the other parties may be prejudiced" if plaintiffs pursuing an Investment Advisers Act ("IAA") claim ran out ahead of the PSLRA actions).)[7]

In light of the potential circumvention of the PSLRA's discovery stay and the inefficiencies that would result by prematurely proceeding with discovery at this time, the Court should exercise its discretion to stay discovery.[8]

### B. Discovery Should Be Stayed Until Plaintiffs' Amended Complaint Survives A Motion To Dismiss

"Courts in this District hold that a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.'" In re Currency Conversion Fee Antitrust Litig., No. MDL 1409, M21-95, 2002 WL 88278, at *1

---

[7] Plaintiffs speculate that their first request for documents would merely entail Defendants copying productions made to government agencies. (See Pls.' Opp. at 12.) Plaintiffs' current document request, however, seeks all documents produced to governmental agencies from January 1, 2000, through the present. As stated in Defendants' moving papers, given this large time frame and Plaintiffs' failure to define "investigation," even determining the documents that Defendants previously produced to various governmental agencies relating to ARS is a daunting task. In addition, the documents will inevitably require a full review to ensure the documents pertain to this civil action.

[8] Plaintiffs also assert that courts have allowed discovery in cases subject to the PSLRA. (See Pls.' Opp. at 8 n.4.) In those cases, courts found that plaintiffs would be prejudiced without discovery produced to the government because of impending settlements in related government investigations would prejudice their cases if immediate discovery was not allowed. See, e.g., In re LaBranche Secs. Litigation, 333 F. Supp. 2d 178, 181 (S.D.N.Y. 2004). Here, Plaintiffs have "not demonstrated that ***exceptional circumstances*** are present in this case requiring production of documents previously produced to various government agencies." In re AOL Time Warner, Inc. Sec. & "ERISA" Litig., No. 02 Civ. 5575, 2003 WL 21729842, at *2 (S.D.N.Y. July 21, 2003) (emphasis added).

(S.D.N.Y. Jan. 22, 2002).[9] Defendants' moving papers satisfy this standard and demonstrate that discovery should be stayed until Plaintiffs' claims survive a motion to dismiss.[10]

First, Plaintiffs' Investment Advisers Action claim is meritless. The validity of Plaintiffs' IAA claim depends on the existence of an IAA agreement. See Bogart v. Shearson Lehman Bros., Inc., No. 91 Civ. 1036 (LBS), 1993 WL 33643, at *3 (S.D.N.Y. Feb. 3, 1993).[11] To satisfy that requirement, there must be an allegation of "payment of a separate investment adviser's fee." Id. at 3; see also 15 U.S.C. § 80b-2(11). As Plaintiffs concede, they have not alleged that they paid UBS FS any compensation for advisory services. (See Pls.' Opp. at 10.) Rather, Plaintiffs allege that UBS FS obtained fees as a result of the provision of an auction market. (See Amend. Compl. ¶60.)[12] The provision of an auction market simply has nothing to do with "advising others . . . as to the value of securities or as to the advisability of investing in, purchasing, or selling securities . . . ." 15 U.S.C. § 80b-2(11). Thus, Defendants' IAA motion has more than "substantial grounds." See In re Currency Conversion Fee, 2002 WL 88278, at *1.

Second, Plaintiffs' remaining New York state law claims cannot be maintained as the result of the Martin Act and the Securities Litigation Uniform Standards Act of 1998

---

[9] See also Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 209-10 (S.D.N.Y. 1991).

[10] Defendants are filing their motion to dismiss with the Honorable Judge Lawrence McKenna concurrently with the filing of this reply. For the convenience of the Court, Defendants attach as Exhibit A to the Declaration of William F. Sullivan Re Defendants' Reply In Support of Defendants' Motion for Protective Order Staying Discovery a copy of their memorandum of law in support of their motion to dismiss.

[11] See also Clark v. Nevis Capital Mgmt., LLC, No. 04 Civ. 2702 (RWS), 2005 WL 488641, at *13 (S.D.N.Y. Mar. 2, 2005) ("Only parties to an investment advisory contract may sue for rescission under section 215."); Gross v. Diversified Mortgage Investors, 431 F. Supp. 1080, 1095 (S.D.N.Y. 1977) (stating that the IAA on its face limits standing to client or prospective client of investment adviser), aff'd., 636 F.2d 1201 (2d Cir. 1980).

[12] As a factual matter, Plaintiffs are incorrect. UBS FS did not even administer the auctions.

("SLUSA"). With respect to the Martin Act, "[t]he *vast majority of state and federal courts* have found that 'causes of action related to a plaintiffs' securities fraud claim that do not include scienter as an essential element are typically preempted by the Martin Act, in contrast to a claim requiring intent, such as a claim for common law fraud." S. Cherry St. LLC v. Hennessee Group LLC (In re Bayou Hedge Fund Litig.), 534 F. Supp. 2d 405, 421 (S.D.N.Y. 2007) (emphasis added). Plaintiffs' citation to Xpedior Creditor Trust v. Credit Suisse First Boston (USA) Inc., 341 F. Supp. 2d 258, 272 (S.D.N.Y. 2004) (See Pls.' Opp. at 11) is unavailing. In that case, unlike the instant case, Plaintiff brought a "contract dispute" rather than a claim concerning misstatements and omissions in connection with the sale of securities. As discussed in detail in the Motion to Dismiss, the courts have been overwhelmingly convinced that claims such as those in the instant case are preempted by the Martin Act.[13]

In a supplemental letter to the Court, Plaintiffs also offer Caboara v. Babylon Cove Dev., LCC, --- N.Y.S. 2d ----, 2008 WL 2747188 (2d Dept. July 15, 2008). In Caboara, the court held that the Martin Act does not abrogate claims for common law fraud and breach of

---

[13] See also AIG Global Sec. Lending Corp. v. Banc of America Sec., LLC, No. 01 Civ. 11448(JGK), 2005 WL 2385854, at *16 (S.D.N.Y. Sept. 26, 2005) ("The plaintiffs' arguments ignore the clear weight of authority finding that the Martin Act preempts common law negligent misrepresentation claims."); Granite Partners, L.P. v. Bear, Stearns & Co., 17 F. Supp. 2d 275, 291 (S.D.N.Y. 1998) ("claims for breach of fiduciary duty and negligent and innocent misrepresentation, for example, which do not require a plaintiff to plead and prove intentional deceit, are covered by the Martin Act and cannot be asserted by private litigants"); Castellano v. Young & Rubicam, Inc., 257 F.3d 171, 190-91 (2d Cir. 2001) (same); Nanopierce Techs., Inc. v. Southridge Capital Mgmt. LLC, No. 02 Civ. 0767(LBS), 2003 WL 22052894, at *3 (S.D.N.Y. Sept. 2, 2003) (collecting cases); Pro Bono Invs., Inc. v. Gerry, No. 03 Civ. 4347 (JGK), 2005 WL 2429787, at *16 (S.D.N.Y. Sept. 30, 2005) (dismissing breach of fiduciary duty, unjust enrichment, negligence, gross negligence and negligent misrepresentation claims covered by the Martin Act and citing numerous cases that did likewise); Marcus v. Frome, 329 F. Supp. 2d 464, 475-76 (S.D.N.Y. 2004); Joffee v. Lehman Bros., Inc., No. 04-CV-3507, 2005 WL 1492101, at *14 (S.D.N.Y. June 23, 2005) ("Martin Act does not preclude private litigants from bringing common law fraud claims because such claims require a plaintiff to prove intent or scienter ... [C]ourts allow these claims to proceed while simultaneously dismissing ... breach of fiduciary duty claims.").

contract. 2008 WL 2747188, at *3. Defendants agree that the Martin Act does not abrogate common law fraud because common law fraud necessarily requires proof of scienter. See Joffee, 2005 WL 1492101, at *14. But, as Caboara acknowledges, the "exclusive nature of the Martin Act rule" precludes "*a private plaintiff from bringing a cause of action*, for example, that 'although styled as one for common-law fraud, *lacks proof of an essential element of common-law fraud*.'" 2008 WL 2747188, at *2 (emphasis added). Similarly, the Martin Act does not necessarily abrogate a breach of contract claim because the claim does not require a misrepresentation or omission. See Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp., 98 F.3d 25, 31 (2d Cir. 1996) (breach of contract elements); N.Y. Gen. Bus. § 352-c (showing that Martin Act violations are based on misrepresentations or omissions).

Here, Plaintiffs brings claims for neither common law fraud nor breach of contract. Instead, Plaintiffs' non-fraud claims are based on Defendants' purported false and deceptive marketing of ARS. (See, e.g., Amend. Compl. ¶ 55.) Therefore, as the overwhelming weight of authority has held, including the Second Circuit, Plaintiffs' claims fall squarely within the "exclusive nature of the Martin Act" and require dismissal. Caboara, 2008 WL 2747188, at *2; accord Castellano, 257 F.3d at 190 ("New York courts have determined that sustaining a cause of action for breach of fiduciary duty in the context of securities fraud 'would effectively permit a private action under the Martin Act, which would be inconsistent with the Attorney-General's exclusive enforcement powers thereunder'"); AIG Global Sec. Lending Corp., 2005 WL 2385854, at *16.

SLUSA also precludes all of Plaintiffs' state law claims. Plaintiffs mistakenly contend SLUSA does not apply to their state law claims because they "have been limited to apply to the sub-class of persons who could not sell ARS that were issued by entities that were

*not* registered as an 'investment company' with the SEC." (Pls.' Opp. at 11.) Nevertheless, Plaintiffs' allegations admittedly concern "covered securities" as defined by SLUSA. See 15 U.S.C. §§ 77r(b), 77p(f)(3), 78bb(f)(5)(E). Courts consistently reject Plaintiffs' strategy to avoid SLUSA preclusion by mixing the named Plaintiffs who allegedly did not purchase covered securities when the complaint's allegations concern covered securities. See e.g., Sofonia v. Principal Life Ins. Co., 465 F.3d 873, 879 n.4 (8th Cir. 2006) (plaintiffs "cannot avoid SLUSA's application by including some nonpurchasers or nonsellers of covered securities.").[14] Thus, Defendants' forthcoming motion to dismiss Plaintiffs' state law claims clearly has a foundation in law.

### C. Discovery Should Be Stayed Until The Pending Motion to Transfer for Coordination Is Resolved

With a pending motion to transfer and coordinate before the JPML, a stay of discovery until such motion is resolved would also aid in the efficient administration of discovery. Indeed, the entire premise of multidistrict litigation is to "avoid unnecessary duplication in discovery." In re Orthopedic Bone Screw Prods. Liab. Litig., 79 F.3d 46, 48 (7th Cir. 1996). Hence, moving forward with discovery at this time could frustrate a core purpose of a potential transfer. A stay of discovery is thus appropriate at least until a resolution is reached in the pending motion to transfer and coordinate.

### D. Plaintiffs Will Not Be Prejudiced By A Limited Stay Of Discovery

The only basis for which Plaintiffs assert that they will be prejudiced in *any* way

---

[14] Plaintiffs also vaguely contend that the only state law claims premised on misrepresentations and omissions are their negligent misrepresentation and New York General Business Law § 349 claims. (Pls.' Op. at 11.) Allegations for Plaintiffs' other state law claims, however, clearly incorporate alleged misrepresentations and omissions. (See Amend. Comp. ¶¶ 39, 55, 77, 81, 92.) Moreover, their claims are entirely premised on Defendants' purported "pledge" to support ARS auctions. (See id. ¶ 2.) Without this allegation, Plaintiffs obviously have no basis for any of their claims.

is by the mere fact that they will not have immediate access to documents produced to government agencies. (See Pls.' Opp. at 12.)[15] Notably, the cases relied on by Plaintiffs did not find that the plaintiffs in those actions were prejudiced by the mere fact that they did not immediately receiving discovery produced to government agencies. Instead, the plaintiffs showed that without discovery, impending settlements with government agencies would prejudice their case. See, e.g., In re LaBranche, 333 F. Supp. 2d at 181; see also Seippel, 2005 WL 388561, at *2 (state law claims survived motion to dismiss). Here, Plaintiffs have made no such showing. See In re Fannie Mae Sec. Litig., 362 F. Supp. 2d 37, 39 (D.D.C. 2005) ("The plaintiffs here argue that the partial lifting of the stay is necessary to prevent unfair prejudice because without this discovery they will be unable to plan their litigation strategy and thus will not be on equal footing with the regulatory authorities who have already received documents. This argument, however, fails to demonstrate that the defendants will be either unfairly shielded from liability, or that the plaintiffs would be disadvantaged during possible settlement negotiations." (citation omitted)).[16]

Further, Plaintiffs have chosen the class action as the vehicle to assert their claims. It is disingenuous for Plaintiffs to now complain about the inherently protracted nature of class action litigation when they have available more expeditious means, such as arbitration, to pursue their legal interests. Hence, Plaintiffs utterly have failed to offer any substantive reason why a stay of discovery would cause undue harm to their interests.

---

[15] But see Rivera v. Heyman, No. 96 Civ. 4489 (PKL), 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997) ("A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue.").

[16] See also Rampersad v. Deutsche Bank Sec. Inc., 381 F. Supp. 2d 131, 133-34 (S.D.N.Y. 2003) (denying request for lifting discovery stay because parallel litigation, without more, does not constitute an undue burden on the plaintiffs).

### E. The Court's Recent Consolidation Order Supports A Stay Of Discovery

On July 16, 2008, the Honorable Judge Lawrence M. McKenna ordered limited consolidation of this action with the PSLRA actions for the goal of orderly and economical prosecution of the collective actions. (See Consol. Order at 4.)[17] The order recognizes that Plaintiffs' claims are not automatically subject to the PSLRA discovery stay – as have Defendants – but leaves this Court the discretion to determine the most just and effective manner in which this action should proceed. (Id.) Consistent with the order, Defendants submit that staying discovery prevents the circumvention of the PSLRA's discovery stay and is the best means to preserve the parties' and the Court's resources. (See Defs.' Mem. of Law In Supp. of Mot for Protective Order Staying Disc. at 9-14.)

/ / /

/ / /

---

[17] Defendants supported consolidation for the purpose of judicial economy. (See Defs.' Suppl. Response in Support of Consol. at 2.) Defendants, however, never presented Judge McKenna any of the arguments that they have raised in their moving papers requesting a protective order staying discovery.

III.   **CONCLUSION**

        For the foregoing reasons and the reasons provided in their moving papers, Defendants urge the Court to grant a limited stay of discovery.

Dated: Los Angeles, California        PAUL, HASTINGS, JANOFSKY & WALKER LLP

      July 31, 2008

                                        By:_____s/_____

                                        WILLIAM F. SULLIVAN

                                        williamsullivan@paulhastings.com
                                        Howard M. Privette
                                        howardprivette@paulhastings.com
                                        John S. Durrant
                                        johndurrant@paulhastings.com
                                        515 South Flower Street
                                        Los Angeles, California 90071
                                        (213) 683-6000

                                        Keith W. Miller
                                        keithmiller@paulhastings.com
                                        75 East 55th Street
                                        New York, New York 10022
                                        (212) 318-6000

                                        James D. Wareham
                                        jameswareham@paulhastings.com
                                        875 15th Street, N.W.
                                        Washington, D.C. 20005
                                        (202) 551-1700

                                        Attorneys for Defendants

## CERTIFICATE OF SERVICE

I, William F. Sullivan, do hereby certify that on July 31, 2008, a true and correct copy of the foregoing Reply in Support of Defendants Motion for Protective Order was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the notice of electronic filing. Parties may access this filing through the Court's CM/ECF System.

                                                                    s/

                                      WILLIAM F. SULLIVAN

LEGAL_US_E # 80304480.4