UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

RONALD D. KASSOVER, ET AL.,                 :

            Plaintiffs,                         :  **MEMORANDUM AND ORDER**

      -against-                                 :

                                                    08 Civ. 2753 (LMM)(KNF)

UBS A.G., ET AL.,                                      :

           Defendants.                       :
------------------------------------------------------------ X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## INTRODUCTION

Before the Court is a motion by the defendants, UBS, A.G. and UBS Financial Services, Inc. (collectively, "UBS" or the "defendants"), pursuant to Federal Rule of Civil Procedure 26(c), seeking an order staying discovery, until the resolution of the pending motions to: (1) dismiss a securities fraud claim, pursuant to the Securities Exchange Act of 1934 (the "Exchange Act"), asserted by one plaintiff subgroup (the "Exchange Act plaintiffs")[1]; or (2) dismiss a breach of fiduciary duty claim, pursuant to the Investment Advisers Act of 1940 (the "Advisers Act"), asserted by a second plaintiff subgroup (the "Kassover plaintiffs")[2]; or (3) consolidate, transfer and coordinate this action with related actions that are based upon the same nucleus of alleged operative facts. The Kassover plaintiffs oppose the motion for an order staying discovery with respect to the breach of fiduciary duty claim they have raised pursuant to the Advisers Act, as

---

[1] The Exchange Act plaintiffs are: David Chandler, individually and as a trustee; Shelly Chandler, individually and as a trustee; and Ricardo L. Sanchez.

[2] The Kassover plaintiffs are: Ronald D. Kassover; Chris Jones; Stephen M. Mittman; Ronald E. Klokke; Jan Schneider; Majorie Elliott; Rita Tubis; and Helen Tubis.

well as claims they have asserted based upon New York statutory and common law.

## BACKGROUND

The plaintiffs have made claims against UBS that relate to alleged misrepresentations and omissions of material facts concerning Auction Rate Securities ("ARS"), complex long-term debt securities that are not traded on any national exchange, and for which the yield or interest rate is reset at periodic auctions. According to the Kassover plaintiffs, on or about February 13, 2008, the defendants withdrew their support of and participation in the ARS auction market, which resulted in the illiquidity of approximately $300 billion of outstanding ARS investments, including those held by the plaintiffs. The Exchange Act plaintiffs brought claims against UBS under sections 10(b) and 20(a) of the Exchange Act and Securities Exchange Commission Rule 10b-5. See 15 U.S.C. §§ 78j(b) and 78t(a); 17 C.F.R. § 240.10b-5.

On July 16, 2008, the Honorable Lawrence M. McKenna ordered the claims made pursuant to the Exchange Act consolidated into one action. The Kassover plaintiffs allege facts similar to those alleged by the Exchange Act plaintiffs. However, the Kassover plaintiffs brought a putative class action against UBS for violating the Advisers Act and New York statutory and common law. The Kassover plaintiffs have disclaimed any interest in pursuing securities fraud claims under the Exchange Act.

The court held pre-trial conferences with the parties on April 10, 2008, and May 6, 2008. According to the Kassover plaintiffs, at these conference they requested documents from UBS it provided to government authorities in connection with recent regulatory and law enforcement inquiries into ARS market activity. At the May 6, 2008 conference, the court indicated the Kassover plaintiffs' discovery demands would be resolved subsequent to the determination of

any motion for a protective order filed by UBS. The Kassover plaintiffs served UBS with their first demand for the production of documents on May 27, 2008. On July 1, 2008, the defendants moved, pursuant to Federal Rule of Civil Procedure 26(c), for an order staying discovery.

On July 16, 2008, the assigned district judge effected a limited consolidation of the Exchange Act and Advisers Act claims. The court explained it did so in consideration of the "interests of the orderly prosecution of these cases and the limitation of expense." The court noted the decision made by the Kassover plaintiffs: to seek remedies pursuant to the Advisers Act instead of the Exchange Act, "in order to avoid difficulties posed by the [Private Securities Litigation Reform Act ("PSLRA")]," was a "legally respectable" decision. The court permitted separate counsel to continue to represent the Kassover and Exchange Act plaintiffs and referred the defendants' application for an order staying discovery to the undersigned for resolution. An analysis of that application follows.

## DISCUSSION

It is a function of a judicial officer "to exercise appropriate control over the discovery process." Herbert v. Lando, 441 U.S. 153, 177, 99 S. Ct. 1635, 1649 (1979). Federal Rule of Civil Procedure 26(c) provides that, for good cause, a court may limit or stay discovery. To establish good cause, in this context, a party is required to demonstrate "facts [exist] militating in favor of the stay." American Booksellers Ass'n v. Houghton Mifflin Co., No. 94 Civ. 8566, 1995 WL 72376, at *1 (S.D.N.Y. Feb. 22, 1995). Where, as here, a motion to dismiss has been made, a court may exercise its discretion and direct that discovery be stayed. See In re Currency Conversion Fee Antitrust Litig., No. MDL 1409, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002)

(citing Transunion Corp. v. Pepsico, Inc., 811 F.2d 127, 130 (2d Cir. 1987); Fed. R. Civ. P. 26[c]).

*Motion to Dismiss - Exchange Act Claims*

UBS maintains the Court should issue an order staying discovery, until the motion to dismiss the Exchange Act claims is resolved, because such an order would: (1) adhere to the legislative intent reflected in PSLRA and the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"); and (2) ensure an efficient discovery process is maintained for the Exchange Act plaintiffs and the Kassover plaintiffs, without prejudicing the Kassover plaintiffs' legal interests.

A class action that is brought in accordance with the Federal Rules of Civil Procedure and that arises under chapter 2B of Title 15 of the United States Code is subject to PSLRA. See 15 U.S.C. § 78u-4(a)(1). In actions subject to PSLRA, all discovery activities and other proceedings are stayed, until any pending motion to dismiss is resolved, unless a court finds, upon a motion made by any party, that "particularized discovery is necessary to preserve evidence or to prevent undue prejudice to [the moving] party." 15 U.S.C. § 78u-4(b)(3)(B). Therefore, absent a showing that evidence is at risk of loss or a threat of undue prejudice to the party seeking discovery exists, the parties to the instant action cannot engage in pretrial discovery activities, respecting the Exchange Act securities fraud claims asserted against UBS, until the defendants' motion to dismiss the securities fraud claims is resolved. See 380544 Canada, Inc. v. Aspen Technology, Inc., No. 07 Civ. 1204, 2007 WL 2049738, at *2 (S.D.N.Y. July 18, 2007) (citing 15 U.S.C. § 78u-4(b)(3)[B]).

As noted above, the Kassover plaintiffs did not assert a securities fraud claim under the Exchange Act, and the claims they have asserted, under the Advisers Act and New York law, are not subject to PSLRA's discovery restrictions. See 15 U.S.C. § 78u-4(a)(1). Nonetheless, because the Exchange Act and Kassover plaintiffs' complaints are premised upon similar facts, UBS contends that ordering a stay of discovery that extends to the Kassover plaintiffs would be consistent with congressional intent, as reflected in PSLRA and SLUSA. However, in the instant case, a stay of discovery is not required in order to effectuate legislative intent.

PSLRA's discovery stay provision was promulgated to prevent conduct such as: (a) filing frivolous securities fraud claims, with an expectation that the high cost of responding to discovery demands will coerce defendants to settle; and (b) embarking on a "fishing expedition" or "abusive strike suit" litigation. See In re WorldCom, Inc. Sec. Litig., 234 F. Supp. 2d 301, 305-06 (S.D.N.Y. 2002). Congress intended for PSLRA's restrictive discovery provision to address specific perceived abuses in securities fraud class action litigation. Id.

A Federal Rule of Civil Procedure 26(c) motion by defendants seeking an order staying discovery, similar to the motion made in the case at bar, was addressed by the court in In re Tyco Int'l, Ltd. Multidistrict Litig., No. MD 02-1335-B, 2003 WL 23830479, at *1 (D.N.H. Jan. 29, 2003). In that action, the plaintiffs filed a class action suit and were grouped into three discrete categories based on their respective theories of liability: (1) securities fraud; (2) derivative claims for, inter alia, breach of fiduciary duty; and (3) violations of ERISA. Id. The defendants moved for an order staying discovery in the derivative and ERISA portions of the action. The court denied the defendants' motion, reasoning:

> The ERISA and [d]erivative [a]ctions were filed as separate lawsuits by different counsel on behalf of different plaintiffs. The claims asserted in those actions are not frivolous and defendants do not claim that plaintiffs' counsel are working together to thwart the stay provision.  Absent evidence of collusion, [the court] will not stay discovery in the ERISA and [d]erivative [a]ctions merely because they have been consolidated with the [s]ecurities [a]ctions for pretrial purposes.

Id. at *3.

In the instant case, the Kassover plaintiffs have not made frivolous claims in order to bypass PSLRA's discovery stay provision.  Rather, as the assigned district judge observed previously, they have adopted a "legally respectable" litigation position.  The Kassover plaintiffs have distinguished their theories of liability from those of the Exchange Act plaintiffs and have disavowed any interest in pursuing a securities fraud claim.  Moreover, no evidence has been presented by UBS of collusion between the Exchange Act and Kassover plaintiffs.  Additionally, the court was deliberate in its "limited consolidation" order, which permitted the two plaintiff groups to pursue their respective claims with separate counsel for each group.  Therefore, the concerns that prompted Congress to enact PSLRA, identified above, would not be implicated here, if the Kassover plaintiffs were permitted to obtain the particularized discovery they seek. See id. at *3.

Among the factors that courts consider when evaluating the propriety of issuing an order staying discovery are the breadth of the production demanded and the likely burden of responding to the demands.  See Anti-Monopoly, Inc. v. Hasbro, Inc., No. 94 Civ. 2120, 1996 WL 101277, at *3 (S.D.N.Y. Mar. 7, 1996).  Producing the documents demanded by the Kassover plaintiffs–those which the defendants gathered and surrendered to government

investigators previously--would not be burdensome for UBS.  See Seippel v. Sidley, Austin, Brown & Wood LLP, No. 03 Civ. 6942, 2005 WL 388561, at *1 (S.D.N.Y. Feb. 17, 2005).

The Panel on Multidistrict Litigation ("MDL") denied a motion, on October 9, 2008, made pursuant to 28 U.S.C. § 1407, which sought, inter alia, to consolidate and centralize, in this judicial district, the instant action with 28 other ARS cases pending in this and other judicial districts.  Therefore, the portion of the defendants' motion for a protective order staying discovery, until the resolution of the motion to consolidate, transfer and coordinate related cases, is moot.

*Motion to Dismiss - Advisers Act Claims*

When a motion to dismiss is pending, courts typically consider several factors in determining whether to stay discovery; they include the following: (1) a strong showing, by the defendants, that the plaintiffs' claim(s) lacks merit; (2) the breadth of the discovery demanded and the burden of responding to it; and (3) the risk of unfair prejudice to the plaintiff.  See Port Dock and Stone Corp. v. Oldcastle Northeast, Inc., No. CV 05-4294, 2006 WL 897996, at *1 (E.D.N.Y. Mar. 31, 2006) (citing In re Currency Conversion, No. MDL 1409, 2002 WL 88278, at *1).

According to UBS, liability cannot be imposed on it pursuant to the Advisers Act, since it acted only as a broker in connection with the disputed ARS transactions, and as such, its conduct is not covered by the Advisers Act.  The Advisers Act provides that one who acts as a broker cannot be construed as an investment adviser, and is not subject to the Act, unless that broker also: (1) provides advisory services that are not "solely incidental" to its broker-dealer functions;

or (2) receives "special compensation" for the advisory services it provides.  See 15 U.S.C. § 80b-2(a)(11)(c).

The Kassover plaintiffs assert that UBS's reliance on the broker exception in the Advisers Act is misplaced, and that is evident from various documents UBS published, such as monthly account statements, in which UBS refers to itself as "Your Financial Advisor."  The Kassover plaintiffs maintain UBS represented it acted as an investment adviser to them in the parties' account agreements, which state, inter alia, UBS "offer[s] a number of investment advisory programs to clients, acting in our capacity as an investment adviser, including comprehensive financial planning, discretionary account management, nondiscretionary investment advisory programs . . . ."  Moreover, the Kassover plaintiffs maintain an internet web site operated by UBS "sets forth in detail the duties of UBS Financial Advisors - including, inter alia, [selecting] the 'most suitable solution' for [p]laintiffs' financial needs . . . ."  According to the Kassover plaintiffs, UBS' web site also indicates "[o]ur structured approach to helping you pursue your objectives is based on findings from discussions with our clients, our Financial Advisors, and extensive market studies."

UBS has not shown that the Advisers Act claim lacks merit.  Therefore, no need exists to analyze the merits of the claims premised on New York statutory and common law.  See In re Currency Conversion, 2002 WL 88278, at *2 (Stay of discovery denied because, inter alia, "defendants f[e]ll short of convincing th[e] [c]ourt that . . . the motion will be dispositive of all claims alleged").  Further, as discussed above, the limited scope of discovery and the absence of any demonstrable burden that would be visited on UBS in responding to the relevant discovery demands, militate against granting the application for an order staying discovery.

## CONCLUSION

For the reasons set forth above, the defendants' motion for a protective order staying discovery, Docket Entry No. 28, is denied.

Dated: New York, New York  
December 18, 2008

SO ORDERED:

*Kevin Nathaniel Fox*  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE